**DLA PIPER LLP (US)**
TAYLOR WEMMER (Bar No. CA-292539)
taylor.wemmer@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Tel.:    (858) 677-1400
Fax:    (858) 677-1401

Attorney for Defendant
DOMINO'S PIZZA LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN BANUELOS, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>DOMINO'S PIZZA LLC, a Michigan limited liability company; and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No.  5:24-cv-07085<br><br>(Santa Clara County Superior Court Case No. 24CV446082)<br><br>**DEFENDANT DOMINO'S PIZZA LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed:    August 27, 2024<br>Trial Date:    None Set |

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF JURISDICTION ...................................................................1

II.   VENUE ..............................................................................................................1

III.  PLEADINGS, PROCESS, AND ORDERS .......................................................1

IV.   TIMELINESS OF REMOVAL .........................................................................2

V.    CAFA JURISDICTION .....................................................................................3

    A.    This is a Class Action. ..............................................................................4

    B.    The Proposed Class Contains At Least 100 Members. ............................4

    C.    Defendant Is a Not Governmental Entity. ...............................................4

    D.    There Is Diversity Between At Least One Putative Class Member and One Defendant. ................................................................................................4

    E.    The Amount in Controversy Exceeds $5,000,000. ..................................6

        1.    Plaintiff's Claim for Minimum and Overtime Violations. ........................7

        2.    Plaintiff's Claim for Meal and Rest Period Violations. ............................8

        3.    Waiting Time Penalties. ..........................................................................10

        4.    Failure to Provide and Maintain Accurate and Complaint Wage Records ....................................................................................................11

        5.    Attorneys' Fees. ......................................................................................12

VI.   NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY ..................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burns v. Windsor Ins. Co.*,
    31 F.3d 1092 (11th Cir. 1994)..............................................................................6

*Dart Cherokee Basin Operating Co. v. Owens*,
    574 U.S. 81 (2014) ...............................................................................................6

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998)............................................................................12

*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005)................................................................................3

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ...............................................................................................5

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015)..............................................................................6

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001)................................................................................5

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................6

*Kenny v. Wal-Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir. 2018)................................................................................3

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986)................................................................................5

*Lewis v. Verizon Commc'ns, Inc.*,
    627 F.3d 395 (9th Cir. 2010)................................................................................6

*Lim v. Helio, LLC*,
    No. CV 11-9183 PSG, 2012 WL 359304 (C.D. Cal. Feb. 2, 2012)...................12

*Mamika v. Barca*,
    68 Cal. App. 4th 487 (1998)..............................................................................10

*Mejia v. DHL Express (USA), Inc.*,
    No. CV 15-890-GHK, 2015 WL 2452755 (C.D. Cal. May 21, 2015).................12

*Molnar v. 1-800-Flowers.com, Inc.*,
    No. CV 08-0542 CAS, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ................12

*Murphy v. Kenneth Cole Prods, Inc.*,
    40 Cal. 4th 1094 (2007)..................................................................................................... 9

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998)............................................................................................ 6

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010)................................................................................................. 10

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)........................................................................................... 12

*Roth v. Cha Hollywood Med. Ctr. L.P.*,
    720 F.3d 1121 (9th Cir. 2013)......................................................................................... 3

*Snyder v. Harris*,
    394 U.S. 332 (1969) ......................................................................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994)........................................................................................... 5

*Stiren v. Lowes Home Ctrs., LLC*,
    2019 U.S. Dist. LEXIS 74656 (C.D. Cal. May 2, 2019)................................................... 3

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
    300 F.3d 1129 (9th Cir. 2002)......................................................................................... 5

*Tompkins v. Basic Rsch. LL*,
    No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008) .................... 12

*United Parcel Serv., Inc. v. Super. Ct.*,
    196 Cal. App. 4th 57 (2011)............................................................................................ 9

**Statutes**

28 U.S.C. § 84(c).................................................................................................................. 1

28 U.S.C. § 1332(c)(1)......................................................................................................... 5

28 U.S.C. § 1332(d) ......................................................................................................... 1, 4

28 U.S.C. § 1332(d)(2)(A)................................................................................................ 4, 6

28 U.S.C. § 1332(d)(5)(A)................................................................................................... 4

28 U.S.C. § 1332(d)(5)(B)................................................................................................... 4

28 U.S.C. § 1332(d)(6)......................................................................................................... 6

28 U.S.C. § 1441 ................................................................................................................. 1

28 U.S.C. § 1441(a) .................................................................................................... 1, 5

28 U.S.C. § 1441(b) ........................................................................................................ 3

28 U.S.C. § 1446 ............................................................................................................. 1

28 U.S.C. § 1446(a) .................................................................................................. 1, 4, 6

28 U.S.C. § 1446(b) ........................................................................................................ 3

28 U.S.C. § 1446(b)(1) ................................................................................................... 3

28 U.S.C. § 1446(d) ...................................................................................................... 13

Cal. Civ. Code § 340 ...................................................................................................... 8

Cal. Civ. Proc. Code § 340(a) ...................................................................................... 11

Cal. Lab. Code § 98.1 ..................................................................................................... 8

Cal. Lab. Code § 201 .................................................................................................... 10

Cal. Lab. Code § 202 .................................................................................................... 10

Cal. Lab. Code § 203 .................................................................................................... 10

Cal. Lab. Code § 203(a) ............................................................................................... 10

Cal. Lab. Code § 226 .................................................................................................... 11

Cal. Lab. Code § 226.7 ................................................................................................... 8

Cal. Lab. Code § 558 ...................................................................................................... 8

Cal. Lab. Code § 1194.2 ................................................................................................. 8

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Domino's Pizza LLC ("Domino's") hereby removes the state court action described herein, filed by Plaintiff Benjamin Banuelos ("Plaintiff") in the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Domino's makes the following allegations in support of its Notice of Removal:

## I.     STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.     VENUE

2.     Plaintiffs originally brought this action in the Superior Court of the State of California, County of Santa Clara. Therefore, venue lies in the San Jose Division of the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

## III.     PLEADINGS, PROCESS, AND ORDERS

3.     On August 27, 2024, Plaintiff filed an unverified Complaint against Domino's and unnamed Doe defendants in the Santa Clara County Superior Court entitled *BENJAMIN BANUELOS, individually, and on behalf of all others similarly situated, Plaintiff, v. DOMINO'S PIZZA LLC, a Michigan limited liability company; and DOES 1 through 10, inclusive, Defendants*, designated as Case No. 24CV446082 (hereinafter, the "Complaint"). Plaintiff's Complaint contains nine causes of action alleging: (a) failure to pay minimum and straight time wages; (b) failure to pay overtime wages; (c) failure to provide meal periods; (d) failure to authorize and permit rest periods;

(e) failure to timely pay final wages at termination; (f) failure to provide accurate itemized wage statements; (g) failure to indemnify employees for expenditures; (h) failure to produce requested employment records; and (g) unfair business practices. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Santa Clara County Superior Court. (*See* Declaration of Taylor Wemmer in Support of Defendant Domino's Corporation's Notice of Removal to Federal Court ["Wemmer Decl."], ¶ 2.)

4.      On August 27, 2024, the clerk of the Santa Clara County Superior Court issued a Summons in the *Banuelos* action. On the same date, the Court issued a Civil Lawsuit Notice, which stated that the Case Management Judge is Hon. Charles F. Adams, Department 7, and scheduled the first Case Management Conference for February 6, 2025 at 2:30 p.m.(*See* Wemmer Decl., ¶ 3.)

5.      On September 3, 2024, the Santa Clara County Superior Court issued an Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline. Attached hereto as **Exhibit B** is a true and correct copy of the Order. (Wemmer Decl., ¶ 4.)

6.      On September 9, 2024, Plaintiff personally served Domino's through Domino's registered agent for service of process, CT Corporation System, with the following documents: (a) the Complaint; (b) the Summons; (c) a Civil Case Cover Sheet; (d) and the Civil Lawsuit Notice. Attached hereto as **Exhibit C** are true and correct copies of the Summons, the Civil Case Cover Sheet, and the Civil Lawsuit Notice served by Plaintiff through CT Corporation System. (Wemmer Decl., ¶ 5.)

7.      On September 10, 2024, Plaintiff filed a Proof of Service of Summons and Complaint. Attached to Domino's Notice of Removal as **Exhibit D** is a true and correct copy of Plaintiff's Proof of Service. (Wemmer Decl., ¶ 6.)

8.      To Domino's knowledge, no further process, pleadings, or orders related to this case have been filed in the Santa Clara County Superior Court or served by any party other than as described above. (Wemmer Decl., ¶ 7.)

IV.     **TIMELINESS OF REMOVAL**

9.      An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on the defendant—within 30 days of

defendant receiving service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

10.    To trigger the 30-day removal periods under 28 U.S.C. § 1441(b), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In other words, removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered. *Id.* at 693. A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. Cha Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also Stiren v. Lowes Home Ctrs., LLC*, 2019 U.S. Dist. LEXIS 74656, *8 (C.D. Cal. May 2, 2019) ("Even the simplest of inquiries is not required. . . . [D]efendants are not charged with any investigation, not even into their own records."). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125; *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

11.    Here, removal of this action is timely. The face of Plaintiff's Complaint does not reveal that the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Thus, the 30-day removal deadlines set forth in 28 U.S.C. § 1446(b) have not been triggered. Nevertheless, Domino's removes this action within 30 days of service of Plaintiff's Complaint.

12.    Because Plaintiff served the Summons and Complaint upon Domino's agent for service of process on September 9, 2024 (Wemmer Decl., ¶ 6), the 30-day period for removal runs through October 9, 2024.

## V.    CAFA JURISDICTION

13.    As noted above, this Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class

of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

### A.     <u>This is a Class Action.</u>

14.    Plaintiff filed this action as a putative class action. (Complaint, ¶ 2.)

### B.     <u>The Proposed Class Contains At Least 100 Members.</u>

15.    The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B).

16.    Plaintiff, who worked for Domino's as an hourly-paid, non-exempt employee in California (Complaint, ¶ 13), seeks to represent a class consisting of "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Complaint, ¶ 25.) On information and belief, Domino's has approximately 400 hourly-paid, non-exempt employees who have worked in California since August 27, 2020, four years before the filing of the Complaint.

### C.     <u>Defendant Is a Not Governmental Entity.</u>

17.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

18.    Domino's is a limited liability corporation, not a state, state official, or other government entity exempt from CAFA.

### D.     <u>There Is Diversity Between At Least One Putative Class Member and One Defendant.</u>

19.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In a class action, only the citizenship of the named parties is considered for diversity purposes and

not the citizenship of the unnamed putative class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Domino's are citizens of different states.

20.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750-751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

21.    Here, at the time Plaintiff commenced this action, Plaintiff resided in Chino, California in the San Bernardino County of the State of California. (*See* Complaint, ¶ 7.)

22.    Domino's is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because Domino's is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Michigan with its principal place of business in the State of Michigan. *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). The majority of Domino's executive and administrative functions are performed, and the majority of Domino's executive and administrative officers are located, in the State of Michigan. Accordingly, Domino's is, and at all relevant times has been, a citizen of the State of Michigan. 28 U.S.C. § 1332(c)(1).

23.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) (For purposes of removal under this chapter, "the citizenship

of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

24.     Accordingly, the named Plaintiff is a citizen of a state different from Domino's, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

**E.     The Amount in Controversy Exceeds $5,000,000.**

25.     Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

26.     In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

27.     For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiffs will prevail on their claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

/////

28.    Domino's denies the validity and merit of the entirety of Plaintiff's claims and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

29.    Based on the allegations in the Complaint, the amount that Plaintiffs have placed in controversy is at least **$7,161,950**, as summarized and explained below.  On information and belief, there are approximately 400 putative class members per Domino's records.

### 1.    Plaintiff's Claim for Minimum and Overtime Violations.

30.    Plaintiff's first and second causes of action claim that Domino's "knowingly failed to pay Plaintiff and some of, but not necessarily all of, the Class compensation for all hours they worked." (Complaint ¶ 34.).  Plaintiff does not specify for how many hours he is collectively seeking minimum or overtime wages; however, it is alleged to be for a period of four years.  Complaint ¶ 25.

31.    According to his Complaint, Plaintiff and the putative class are entitled to the unpaid balance of the wages as well as liquidated damages in an amount equal to the minimum wages due. Complaint ¶ 39.  Plaintiff further alleges that he and the putative class are entitled to "statutory penalties," interest, reasonable attorneys' fees and costs.  Complaint ¶¶ 41 and  49.

32.    Plaintiff has not pled a specific amount of unpaid wages allegedly owed either to himself or the putative class. As a conservative estimate, Defendant assumes that Plaintiff will allege that every putative class member was underpaid by 2 hours of straight time per week for the 4-year statutory period, calculated at the average minimum wage rate of $14.70/hour.[1]  As such, the purported amount in controversy for this claim is at least **$1,223,040** (2 hours x $14.70/hour x 200 putative class members (50% of the putative class) x 4 years x 52 weeks/year).

---

[1] In determining this average, Defendant recognizes that the California minimum wage for employers with 26 or more employees in 2020 was $13.00 per hour; in 2021 the California minimum wage was $14.00 per hour; in 2022 the California minimum wage was $15.00 per hour; in 2023 the California minimum wage was $15.50 per hour; and in 2024, the California minimum wage is $16.00.  Thus, the average over the past five years amounts to $14.70 per hour, and this figure will be used in these calculations.

33.    Liquidated damages are calculated in the amount "equal to the wages unlawfully unpaid," here - **$1,223,040**. *See* Cal. Lab. Code § 1194.2  Interest on unpaid wages is calculated at 10% per year. *See id.* at § 98.1(c). As such, interest adds an alleged $122,304 to the amount in controversy.

34.    For purposes of the amount in controversy only, statutory penalties under California Labor Code § 558, will also be analyzed.  That section provides that for any initial violation, a penalty of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid is assessed.  Further, for each subsequent violation, a penalty of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid is assessed.

35.    Defendant pays its employees on a bi-weekly basis. If one assumes that Plaintiff claims Defendant underpaid 200 employees (50% of the putative class) every pay period as alleged in the Complaint (26 weeks/year) and applies California's one year of statute of limitations for civil penalties per California Civil Code § 340, then the purported amount in controversy, *for statutory penalties alone*, is at least **$510,000** ($50 penalty for first violation x 200 class members + $100 penalty for remaining violations x 200 class members x 25 remaining pay periods).

36.    Therefore, Plaintiff's claim for unpaid wages puts a total of approximately **$3,078,384** in controversy.

**2.    Plaintiff's Claim for Meal and Rest Period Violations.**

37.    Plaintiff's third and fourth causes of allege that Defendant failed in its affirmative obligation to provide the putative class of hourly non-exempt employees (approximately 400 individuals) required meal and rest periods in accordance with the mandates of the California Labor Code and the applicable wage orders.

38.    While Defendant disputes Plaintiff's meal and rest period allegations, California Labor Code Section 226.7 clearly provides for one additional hour of pay at the employee's regular rate for each day in which an opportunity for a meal period is not properly provided and one additional hour of pay at the employee's regular rate in which a rest period is not properly authorized and permitted.  California law defines this extra hour of pay as a wage premium, not a penalty, for statute

of limitations purposes. *Murphy v. Kenneth Cole Prods, Inc*., 40 Cal. 4th 1094, 1114 (2007). The maximum penalty for meal and rest period violations in any single day is two hours of pay. *See United Parcel Serv., Inc. v. Super. Ct*., 196 Cal. App. 4th 57, 65 (2011).

39.    Plaintiff is silent as to the total number of alleged meal and rest periods that the putative class members were allegedly denied. However, the Complaint states that "Defendants required Plaintiff and some of, but not necessarily all of, the Class to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and some of, but not necessarily all of, the Class for all missed meal periods that were not provided by the end of the fifth hour of work or tenth hour of work." (Complaint ¶ 16). The Complaint further states that "Defendants required Plaintiff and some of, but not necessarily all of, the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and some of, but not necessarily all of, the Class for rest periods that were not authorized or permitted." (Complaint ¶ 17).

40.    As a conservative estimate, Defendant assumes that Plaintiff will allege that every putative class member was denied at least one meal break and one rest break on a weekly basis for the four-year statutory period.

41.    Plaintiff does not state the hourly rate at which he believes the meal and rest period penalties ought to be paid. As a result, Defendant shall utilize an average of the California minimum wage applicable from 2020 to 2024, determined above ($14.70/hour) in the penalty calculation.

42.    Here, assuming that approximately 200 individuals (50% of the putative class) worked approximately 50 weeks per year at an average hourly rate of $14.70 per hour, and that there was at least one meal period *and* at least one rest period violation per class member per workweek (which Defendant does not concede), then the total amount in controversy for Plaintiff's meal and rest period claims would be **$1,176,000** (50 annual workweeks x 4 years x 2 penalty payments owed per workweek x $14.70 per penalty x 200 class members).

/////

### 3. <u>**Waiting Time Penalties.**</u>

43.    In his Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code § 203. (Complaint, ¶¶ 59-65.) The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[No] one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages."). Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (*i.e.*, the employee's final wage rate multiplied by the employee's average shift length) multiplied by the number of days of waiting time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

44.    Here, Plaintiff's waiting time penalty claim is premised on his allegation that Domino's failed to pay all wages due to putative class members at the time of termination. (*See* Complaint, ¶ 61 ["Defendants, at times failed, and continue to fail, to pay some of, but not necessarily all of, the terminated Class Members, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ."]; ¶ 62 ["Defendants' failure to pay some of, but not necessarily all of, the Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202."].) Moreover, Plaintiff alleges that putative class members worked without being paid proper minimum, straight time, and overtime wages, and without being provided required meal and rest periods or compensation for such unprovided meal and rest periods. (*See* Complaint, ¶¶ 34-35, 45-47, 53, 57.) Accepting these allegations as true for purposes of removal only, Plaintiff's Complaint seeks waiting time penalties for at least some and ***potentially*** all members of the putative class during the three-year statute of limitations period applicable to Plaintiff's claim for waiting time penalties.

45.    On information and belief, Domino's employed approximately 230 individuals in hourly-paid non-exempt positions in California whose employment with Domino's ended on or after August 27, 2021. These employees worked on average at least 8-hour shifts, and their hourly rate

of pay has at all times been at least the California state minimum wage. Accordingly, a conservative estimate of the minimum amount in controversy with respect to Plaintiff's waiting time penalty claim is at least **$835,176** (230 former putative class members x $15.13/hour[2] x 8 hours x 30 days).

### 4.    Failure to Provide and Maintain Accurate and Complaint Wage Records

46.    Plaintiff alleges that Defendant failed to, inter alia, furnish accurate and complete itemized wage statements as required by California Labor Code § 226.  Complaint ¶ 68.

47.    While Defendant denies this charge and maintains that Plaintiff has not asserted a separate cause of action for alleged violations under California Labor Code § 226, Defendant considers the penalties in § 226(e) only for the purpose of determining the amount in controversy. Section 226 provides that an employee suffering an injury as a result of an intentional failure by an employer to provide accurate wage statements is entitled to a penalty of $50 for the initial pay period in which the violation occurred, and $100 for each violation in a subsequent pay period, not to exceed the aggregate amount of $4,000 per employee. Claims under Section 226 are subject to a one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a).

48.    Although Plaintiff states that "Defendants failed, at times, to furnish Plaintiff and some of, but not necessarily all of, the Class with accurate, itemized wage statements," Plaintiff alleges this claim partly on a derivative basis per his claims that Plaintiff and putative class members did not receive pay for all time worked, correct wages for meal periods not provided, and rest periods not authorized and permitted. (Complaint ¶ 19). Therefore, assuming *at minimum* one such violation per pay period, on behalf of the putative class, the amount increases to **$800,000** ($4,000 x 200).

49.    Plaintiff does not allege that he is entitled to less than the maximum $4,000 penalty payment for this claim.  As such, "[i]t is not unreasonable to assume that, with this many violations alleged, every one of the wage statements issued during the class period could potentially have been

---

[2] This average minimum wage calculation is slightly higher here because it does not include the minimum wage for 2020 (the statute of limitations on waiting time penalties is only three years (back to 2021)). On information and belief, Domino's paid many of the putative class members more than minimum wage throughout the applicable three-year period. Moreover, the state minimum wage has increased incrementally since that time, making this calculation a conservative underestimate of the waiting time penalties in controversy.

noncompliant" – at least according to Plaintiff's allegations, which Defendants do not concede. *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015).

### 5.    Attorneys' Fees.

50.    Plaintiffs' Prayer for Relief seeks attorneys' fees. (*See also* Complaint ¶¶ 41, 49, 65, 73, 78, and 87) .  While Defendant asserts that Plaintiff should recover no attorneys' fees, even contested attorneys' fees are included in ascertaining the purported amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Courts have accepted 25 percent fee estimates for removal purposes.  *See, e.g., In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (noting a finding by the Federal Judicial Center of fees recoveries ranging from 27 percent to 30 percent for class actions resolved or settled over a four-year period); *Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, *3 (C.D. Cal. Feb. 2, 2012) (finding that in a CAFA removal, the defendant properly included attorneys' fees in the amount in controversy at 25% of the potential damage award); *Molnar v. 1-800-Flowers.com, Inc*., No. CV 08-0542 CAS (JCx), 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) (deciding that in removal, defendant fairly estimated attorneys' fees as 25 percent of the compensatory damages); *Tompkins v. Basic Rsch. LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (granting CAFA removal, and holding that, for purposes of ascertaining the amount in controversy, 25 percent of the common fund of total damages was a "fair estimate of attorneys' fees").

51.    Here, attorneys' fees can be plausibly assumed to be based on 25 percent of total alleged (and contested) damages/penalties established thus far in the preceding paragraphs. Using the above-referenced estimates, the aggregate amount of damages/penalties would be **$5,889,560** ($3,078,384 for the minimum wage claim + $1,176,000 for meal and rest period premiums + at least $835,176  for waiting time penalties, and + $800,000 for noncompliant wage statements), resulting in <u>at least</u> an additional **$1,272,390** in controversy (25% of $5,889,560) for attorneys' fees.  This does not include any attorneys' fees associated Plaintiffs' additional claims encompassed in his unfair competition allegation which would further increase the amount in controversy.

/////

52. **Additional Claims for Damages.** Domino's calculation of the amount placed into controversy by Plaintiff's claims discussed above is very conservative. In addition, Plaintiff seeks to recover damages for alleged unpaid overtime wages (Second Cause of Action), alleged failure to indemnify employees for expenditures (Seventh Cause of Action) and alleged failure to produce requested employment records (Eighth Cause of Action). Obviously, inclusion of these alleged claims' damages would increase the amount in controversy. Therefore, CAFA's jurisdictional requirement that the matter in controversy exceed $5,000,000, exclusive of interest and costs, is easily satisfied in this action.

53. As such, a conservative estimated total of Plaintiff's alleged amount in controversy, notwithstanding the claims that have not been included in this analysis, is **$7,161,950.**

## VI. NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY

54. Following the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, John G. Yslas and Gabriella Solè of Wilshire Law Firm, and a copy of the Notice of Removal will be filed with the Clerk of the Santa Clara County Superior Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Domino's hereby removes this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, Eastern Division, pursuant to CAFA.

Dated:  October 9, 2024                          **DLA PIPER LLP (US)**


                                                  By:    _/s/ Taylor Wemmer_
                                                         TAYLOR WEMMER

                                                         Attorney for Defendant
                                                         DOMINO'S PIZZA LLC

**INDEX TO DEFENDANT DOMINO'S PIZZA LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

| Exhibit | Description | Page(s) |
|---------|-------------|---------|
| A | Complaint | 15-43 |
| B | Order Deeming Case Complex | 44-45 |
| C | Summons, the Civil Case Cover Sheet, and the Civil Lawsuit Notice | 46-49 |
| D | Proof of Service re Summons & Complaint | 50 |