UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN BANUELOS,<br><br>            Plaintiff,<br><br>     v.<br><br>DOMINOS PIZZA LLC, A MICHIGAN LIMITED LIABILITY COMPANY,<br><br>            Defendant. | Case No.  5:24-cv-07085-BLF<br><br>**ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>[Re: ECF No. 27] |

Defendant Domino's Pizza LLC has moved for an order extending their deadline to respond to Plaintiff Benjamin Banuelos's Complaint until 21 days from the date on which their motion was filed. ECF No. 27 ("Mot."). Plaintiff did not file a response to the motion. For the reasons stated below, the Court GRANTS the motion.

**I.       LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* at 1259. "The good cause standard focuses on the diligence of the party seeking to extend deadlines and the reasons for seeking the modification." *Fireman's Fund Ins. Co. v. Electrolux Home Prod., Inc.*, No. 3:23-CV-01847, 2024 WL 947792,

at *1 (S.D. Cal. Feb. 6, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## II.  DISCUSSION

In assessing whether Defendant's failure to respond to the Complaint by the deadline was the result of "excusable neglect," this Court "must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

On the first two factors, Defendant argues that the delay has been "minimal" and that there will be no prejudice to Plaintiff.  Mot. at 3.  In support of the arguments as to lack of prejudice, Defendant points out that no scheduling order has yet issued in this matter, and that Plaintiff "was willing to stipulate to an extension" on the condition that Defendant not file a motion to dismiss, indicating that the extension of time was not an insurmountable concern to Plaintiff.  *See id.*  If its motion is granted, Defendant's new deadline to respond to the Complaint would fall approximately two months after the original deadline.  The length of this delay is not insignificant.  However, the Court agrees that the impact on the proceedings will be minimal in light of the pending motion to remand, which must be decided before the case proceeds.  And because Plaintiff expressed a willingness to stipulate to an extension under certain conditions and did not file a response to Defendant's motion for an extension of time, the Court also agrees that any prejudice to Plaintiff will be negligible.

On the third factor, Defendant explains that the reason for the delay was an "honest calendaring mistake."  Mot. at 3.  Defendant "believed that the response deadline would be after the Court decided Plaintiff's Motion to Remand," rather than proceeding in parallel with the pending remand motion, and inadvertently failed to calendar the original October 16, 2024 deadline.  *See id.*; Decl. of Taylor Wemmer in Support of Mot. to Extend Def.'s Deadline to Respond to Plf.'s Compl. ("Wemmer Decl."), ECF No. 27-2, ¶ 2.  While a "mistake of law in reading a rule of procedure not a compelling excuse," this Circuit has declined to fashion a *per se*

1  rule "against late filings attributable to any particular type of negligence." *Pincay v. Andrews*, 389
2  F.3d 853, 860 (9th Cir. 2004). Instead, courts consider the "the issue of excusable neglect within
3  the context of the particular case." *Id.* at 859. Here, the Court understands that Plaintiff filed a
4  motion to remand the removed case the day after removal—six days before the deadline for
5  Defendant to respond to the Complaint—and Defendant's counsel therefore became focused on
6  drafting the opposition to the remand motion. Wemmer Decl. ¶ 2. Defendant's counsel
7  apparently missed the deadline to respond in the process. The Court certainly hopes that
8  Defendant's counsel will not make such a mistake in the future, but in light of the minimal delay
9  and prejudice that has resulted, the Court finds that this honest calendaring mistake falls within the
10 bounds of "excusable neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223, 1225 (9th
11 Cir. 2000) (finding excusable neglect even though the reason for the delay—out-of-country travel,
12 after which it took the attorney two weeks to recover from jet lag and process his mail—was
13 "admittedly, weak"); *Ahanchian*, 624 F.3d at 1262 (finding excusable neglect even though "failure
14 to apply a clear local rule may be a weak justification for an attorney's delay").
15         Finally, regarding the fourth factor, Defendant argues that it has "acted diligently and in
16 good faith as soon as it discovered its error." Mot. at 4. Defendant says that it promptly alerted
17 Plaintiff's counsel and attempted to come to a stipulated agreement regarding an extension. *Id.*
18 Plaintiff refused to so stipulate "unless Defendant agreed to the condition that it only file an
19 answer or a motion to compel arbitration," and Defendant filed the present motion after meet-and-
20 confer conversations made clear that Plaintiff would not stipulate to an unconditional extension.
21 *Id.*; Wemmer Decl. ¶¶ 3–4. Defendant also argues that it has been otherwise diligent in the
22 proceedings, and that there is no evidence that it has "acted with anything less than good faith."
23 *See Bateman*, 231 F.3d at 1225. The Court concurs. There is no indication that Defendant has
24 acted in bad faith, and Defendant has otherwise been active and attentive to the proceedings in this
25 suit.
26         In light of the foregoing equitable analysis and the "general purpose of seeing that cases
27 are tried on the merits" underlying the Federal Rules of Civil Procedure, *Ahanchian*, 624 F.3d
28 1258–59, the Court finds that there is good cause to extend Defendant's deadline to respond to

Plaintiff's Complaint.  Defendant has twenty-one (21) days from the date on which its motion for an extension of time was filed to submit its response to Plaintiff's Complaint.

**IT IS SO ORDERED.**

Dated:  December 2, 2024

_____
BETH LABSON FREEMAN
United States District Judge